

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARGILL FERROUS INTERNATIONAL, A DEPARTMENT OF CARGILL INCORPORATED | * CIVIL ACTION <br> * <br> * NO. 00-0247 <br> * |
| VERSUS | * SECTION "C" <br> * |
| M/V EMMA OLDENDORFF, her engines, tackle, apparel, etc., *in rem*, OLDENDORFF E., COASTAL CARGO CO., and GOLDEN STEVEDORES, *in personam* | * MAGISTRATE (2) <br> * |

### MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT TO DISMISS RULE 14(c) AND TO STAY OR DISMISS THIRD-PARTY COMPLAINT PENDING ARBITRATION

MAY IT PLEASE THE COURT:

Third party plaintiff, Egon Oldendorff (Hong Kong) Ltd. (hereinafter "Oldendorff") opposes Metall und Rohstoff Shipping RSA (PTY) Limited's ("Metall") Motion for Summary Judgment on the grounds that:

1. Plaintiff, Cargill Ferrous International ("Cargill") filed its original complaint against Oldendorff and the stevedore defendants within the one year time bar imposed by the Carriage of Goods by Sea Act ("COGSA");

495170_1

2. Rule 14 does not impose a specific time bar and simply provides for the third party defendant's right to assert defenses to the original plaintiff's claim in the manner provided in Rule 12;

3. Oldendorff's Rule 14(c) tender is not time barred because it involves the same conduct, transaction, or occurrence alleged in Cargill's original complaint;

4. Even if Rule 15 was applicable, under Rule 15(c)(2), the filing of the third party complaint would relate back to the date of filing, 26 January 2000, of Cargill's complaint, which was timely; and

5. Oldendorff's third-party complaint should not be stayed or dismissed because all claims asserted in the third-party complaint are not subject to arbitration, namely, Cargill's claims against Metall and defendants, Coastal Cargo Co. ("Coastal Cargo") and Golden of Louisiana ("Golden"), which are outside the scope of the arbitration agreement.

For these reasons, as more fully addressed below, Oldendorff respectfully requests this Honorable Court deny Metall's Motion for Summary Judgment in its entirety and allow the litigation to proceed without further delay.

## **BACKGROUND**

On 26 November 1998, Oldendorff, as the vessel owner, entered into a New York Produce Exchange (NYPE) Time Charter with Metall, as charterer. Clause 8 of this charter party transfers financial liability for any cargo damage due to stowage or handling solely to the charterer, rather than the vessel owner. Additionally, Clause 46 specifically provides that stevedores are considered the charterer's "servants." Thus, under the terms of the charter party,

Metall is liable to the plaintiff for any damages caused by stevedore handling (or more appropriately mishandling).

Pursuant to the above-described charter party, a cargo of prime newly produced hot rolled deformed bars was loaded aboard the M/V EMMA OLDENDORFF at Durban, South Africa for discharge in U.S. ports, including New Orleans. On 27 January 1999, the cargo destined for New Orleans was discharged.

On 26 January 2000, one day before the COGSA one year time bar expired, Cargill filed its suit against Oldendorff, Coastal Cargo and Golden alleging damage to the cargo of deformed bars. The filing of Cargill's suit was timely. Surveys conducted at the time of discharge revealed that the cargo was improperly loaded in South Africa and suffered rough, careless and improper handling during discharge by stevedores, Coastal, in New Orleans. Further damage was subsequently caused because of poor stowage, rough and improper handling by Golden. Significantly, no damage was found at discharge that could be attributable to the vessel or Oldendorff.

Once the surveys, the most critical of which was prepared on behalf of plaintiff, Cargill, were received and the information contained therein confirmed, Oldendorff filed its third party complaint tendering Metall to Cargill as the proper party defendant. The filing of the third party complaint on 19 December 2000 was timely. In accordance with well established law, the filing of the third party complaint relates back to the filing of the original complaint because it involves the same conduct, transaction or occurrence.

Metall would have this Court render Rule 14 of the Federal Rules of Civil Procedure devoid of any effect or meaning in seeking dismissal of Oldendorff's tender. Specifically, Metall moves the Court for an order dismissing the Rule 14(c) tender arguing that the tender to Cargill

is time-barred by COGSA's one year statute of limitations since Cargill could not assert a claim directly against Metall at this time. Metall's reasoning is faulty and in direct contradiction to the purpose of Rule 14(c). The purpose of Rule 14(c) was to provide a mechanism for defendants to bring other parties into an action "at any time after commencement of the action" where information or evidence is discovered making those third parties liable to the original plaintiff. No statutory limit is placed on third party practice. The statute simply provides for the right of the third party defendant to assert defenses to the plaintiff's claim in the manner provided in Rule 12. Because Cargill's original complaint was filed within COGSA's one year time bar, Metall has no statute of limitation defense as provided in Rule 12. The Court's analysis should stop here. Metall, however, relies on cases that have applied Rule 15 of the Federal Rules of Civil Procedure, to argue that Cargill's claim at this stage is time barred. Rule 15 specifically relates to amendment and supplementation of pleadings and not to third party complaints. Rule 15 would become applicable only if Cargill tried to amend or supplement its original complaint to name Metall as a defendant. Nevertheless, even application of Rule 15 does not lead to dismissal of the third party tender.

The case law on which Metall relies for this proposition is inapplicable or of no precedential value. Accordingly, not only is the Rule 14(c) tender proper and timely, but the entire case should proceed without any stay to avoid piecemeal litigation. Oldendorff does not dispute the existence or effect of Clause 17 of the applicable charter party, which calls for arbitration of disputes in London. However, Oldendorff does not wish to engage in piecemeal litigation whereby both an arbitration and the instant case are concurrently proceeding. In fact, stay of the third party action will be of no consequence since Cargill, who is not bound by such arbitration, will proceed against Oldendorff, Metall and the stevedores before this Court. In

order to resolve this matter in the most effective manner, Oldendorff respectfully requests that the entire proceeding be allowed to proceed.

## ARGUMENT

**I.    Oldendorff's Rule 14(c) tender is not time barred.**

Under Federal Rule of Civil Procedure 14(c), where a third-party plaintiff elects to require a third-party defendant to answer the original plaintiff's complaint directly, "the action shall proceed as if the [original] plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff."[1]

Defendant, Oldendorff, has in fact tendered Metall to plaintiff, Cargill, pursuant to Rule 14(c). Accordingly, if Cargill is found not to be bound by a stay pending arbitration, then the adjudication of Cargill's claims against Metall before this Court should proceed. Considerations of efficiency and fairness dictate this result. First, it would not be practical or just to force Oldendorff to defend against Cargill's claims while arbitrating its own indemnity claims against Metall contemporaneously. And second, the outcome of Cargill's suit will help determine the substance of the London arbitration to follow. Thus, if the entire proceeding is not stayed pursuant to the London arbitration agreement, then established maritime law supports that Cargill should be allowed to prosecute its claim expeditiously against Metall as the proper party defendant.

Metall has cited to two cases for the proposition that Cargill's claim is time-barred by COGSA's one year statute of limitations. However, Metall's reliance on the *Marubeni American Corp. v. M/V OHFU*[2] and *Mitsui & Co. (USA) Inc. v. M/V CROWN ROSE*[3] cases is misplaced. Both are distinguishable from the present facts and contrary to applicable law. The *Marubeni*

---

[1] *See Van Nood v Federal Barge Lines, Inc.*, 282 F.Supp. 890 (E.D. La. 1968); *Riverway Co. v. Trumbull River Services, Inc.*, 674 F.2d. 1146, 1154-55 (7th Cir. 1982); *See also Wright and Miller* at § 1465.
[2] 1996 A.M.C. 1051.
[3] 1996 WL 732842.

holding is erroneously based upon an <u>outdated</u> case interpreting the <u>1966</u> Amendment to Rule 15(c), rather than applying the 1991 Amendment.[4]

Specifically, the *Marubeni* holding, upon which Metall places much reliance, is based upon the outdated decision of *Monarch Industrial Corp. v. American Motorist Insurance Co.*[5] The Court, in *Marubeni,* specifically quoted Rule 15(c) as follows:

> an amendment which changes the party against whom a claim is asserted relates back to the date of the original pleading *only if* it arises out of the conduct, transaction, or occurrence set forth in the original pleading **and is** *within the period provided by law* for commencing the action against that party.[6]

The above language is no longer applicable having been changed in 1991. The 1991 Amendment to Rule 15 provides:

> ...an amendment of a pleading relates back to the date of the original pleading when:
>
> 1. Relation back is permitted by the law that provides the statue of limitations applicable to the action, **or**
>
> 2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, **or**
>
> 3. The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision, no. 2, is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[7]

---

[4] *See also Northbrook Nat. Ins. Co. v. J & R Vending,* 167 F.R.D. 643, 646 n.3 (E.D.N.Y. 1996)(declining to follow the holding in *Monarch Industrial Corp v. American Motorists Ins. Co.* (footnoting that "this case was decided in 1967 and therefore the 1991 amendment to Rule 15 at Rule 15(c)(1) of the Federal Rules of Civil Procedure was not in existence.")
[5] 1967 A.M.C. 2488, 2497 (S.D.N.Y. 1967).
[6] 1996 A.M.C. at 1055.
[7] Rule 15(c) of the F.R.C.P.

(Emphasis added). The 1991 Amendment disposed with the requirement that the relation back occurs when it "arises out of the conduct, transaction, or occurrence set forth in the original pleadings **AND IS** within the period provided by law...." Therefore, the *Marubeni* case is in direct conflict with the present day reading of Rule 15(c) and is of no value to this Court.

Moreover, the 1991 Amendment to Rule 15(c) specifically provided that the Rule was revised to "prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."[8] Therefore, Rule 15(c) is to be read on an "or" basis and not an "and" basis.

Additionally, Rule 15(c)(1), which states "relation back is permitted by the law that provides the statute of limitation applicable to the action" stands for the proposition "if the statute of limitations governing a particular cause of action permits relation back of the amended pleadings, relation back is permitted."[9] Rule 15(c)(1)'s purpose is to ensure that "the Rule is not used to contravene statues of limitations specifically permitting relation back, if a statute is more generous to the amended pleading."[10] Consequently, Rule 15(c)(1) defers to a statue of limitations only if the statue is more generous on the relation back, not if relation back of plaintiffs' claim is prohibited by the statue of limitations, as erroneously stated in *Marubeni*. In the instant case, Cargill's claim against Oldendorff and the stevedoring companies was timely filed within COGSA's one year limitation period. Accordingly, under the present day reading of Rule 15, since Oldendorff's third party claim "arises out of the conduct, transaction or occurrence set forth" in Cargill's complaint, it relates back to the filing of Cargill's complaint and the tender is timely.

---

[8] *See* 1991 Amendment to Rule 15(c) of the F.R.C.P.
[9] Steven Baicker-McKee et al, Federal Civil Rules Handbook, p. 341 (7th Ed. 2000).

Metall also cites to *Mitsui v. M/V CROWN ROSE*[11] in support of its faulty argument. However, Metall conveniently omits to point out that the court in that case ruled on an <u>unopposed</u> motion. Therefore, that case is of no precedential value to the case at hand.

The Fifth Circuit has repeatedly interpreted Rule 15(c) on an "or" basis, rather than an "and" basis.[12] For example, the Fifth Circuit considered Rule 15(c) in *F.D.I.C. v. Conner*.[13] In that case, the appellate court held that:

> the best touchstone in determining when an amended pleading relates back to the original pleading is the language of Rule 15(c): whether the claim asserted in the amended pleading arises out of conduct, transaction or occurrence, or attempted to be set forth in the original pleading.[14]

In *Conner*, the Fifth Circuit stated that the language of Rule 15 shows strong bias in granting leave to amend a pleading, however, it should not be granted when it would be futile to do so.[15] It is considered futile if leave is sought to add a claim upon which the statute of limitations has run.[16] However, Rule 15(c) was specifically designed to absolve this situation by allowing the claim to relate back to the date of original filing if it arises out of the conduct, transaction or occurrence set forth in the original pleading.

In its analysis of the statute of limitations situation, the Fifth Circuit in *Conner* stated that under Rule 15(c):

> an amendment to a complaint will relate back to the date of the original complaint if the claim asserted in the amended pleading

---

[10] *Id.*
[11] 1996 WL 732842, Civ.A.No. 94-3930 (E.D.La. December 16, 1996).
[12] *See McGregor v. Louisiana State Univ. Bd.of Sup'rs*, 3 F.3d 850 (5th Cir. 1993); *Flores v. Cameron County, Tex.*, 92 F.3d 258 (5th Cir. 1996) citing to *Kansa Reinsurance Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362 (5th Cir. 1994).
[13] 20 F.3d 1376, 1385 (5th Cir. 1994).
[14] *Id.*
[15] *Id.* at 1385 citing to *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539 (5th Cir. 1980), *cert. denied*, 454 U.S. 927, 102 S. Ct. 427, 70 L.Ed. 2d 236 (1981).
[16] *Id*

arises " out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.[17]

According to the Fifth Circuit's rationale, once litigation involving a particular conduct has begun, parties are not entitled to the protection of the statute of limitations defense of those claims arising out of the same conduct, transaction, or occurrence as set forth in the original pleading because this "does not offend the purpose of a statute of limitations, which is simply to prevent the assertion of stale claims."[18] In the present case, Cargill timely filed its suit against Oldendorff, Coastal Cargo and Golden. In turn, Oldendorff timely tendered Metall to Cargill. Because the Rule 14(c) tender arises out of the same conduct, transaction and occurrence, and assuming this Court would apply Rule 15 to this situation, Rule 15(c)(2) allows it to relate back to 26 January 2000 and is thus, not time barred.

## II.     The entire litigation should be allowed to proceed in this district.

By virtue of the Rule 14(c) tender of Metall to plaintiff, Cargill, Cargill may proceed directly against Metall in the same fashion as it would proceed against Oldendorff, Coastal Cargo and Golden. The arbitration clause between Oldendorff and Metall does not apply to any action between Cargill and Metall or Cargill and the stevedoring companies. Thus, Cargill has non-arbitrable actions against Oldendorff and Metall. The only action subject to arbitration is the indemnity action, which has not yet accrued, between Oldendorff and Metall. Therefore, at this point in time, there is nothing to arbitrate. Until judgment issues against Oldendorff, no issue is ripe for arbitration. Thus, there is no point in staying the local litigation between or amongst any of the parties in favor of an arbitration that cannot proceed. The arbitration cannot proceed because Cargill is not a party and is the principal claimant, and secondly, because Oldendorff's liability to Cargill, upon which Oldendorff's indemnity action against Metall is

---

[17] Fed. R. Civ. P. 15(c) 2 ; *McGregor* 3 F.3d at 863.

premised, has not yet been determined, and will not be determined until this litigation is concluded.

Accordingly, in the interest of justice, economy, and resolution of all issues in one proceeding, all claims should be resolved by this Court. For its part, Oldendorff would consider waiving its right to arbitrate against Metall to allow this Court to resolve all causes of action and issues at one time. Otherwise, Cargill would proceed against Oldendorff and Oldendorff's claim against Metall would be stayed until the Cargill/Oldendorff litigation is concluded. Proceeding in such fashion is not an efficient or expeditious use of party or judicial time since it will require a duplication of witnesses and documentation in arbitration, which would already have been viewed and could have been decided by this Court.

### III. The third-party action between Oldendorff and Metall should not be dismissed.

Through its motion for summary judgment, Metall also seeks dismissal of Oldendorff's third-party claim based on the misplaced argument that Oldendorff's tender under 14(c) is time barred. As discussed in detail in Section I, above, Oldendorff's tender under Rule 14(c) is timely and relates back to the date of timely filing by Cargill of its original complaint. Therefore, Metall has no ground or basis to request dismissal of Oldendorff's third-party claim.

If the Court chooses not to proceed with all parties before it, the most logical alternative is to simply stay the Oldendorff/Metall third party claim pending resolution of the litigation by Cargill and arbitration between Oldendorff and Metall in London.[19] Indeed, when a party brings a motion to stay pending arbitration on an issue referable to arbitration, rather than dismissing, a court will stay the proceedings.[20]

---

[18] *Id.*
[19] Since Cargill can proceed against Metall directly, this option makes little sense.
[20] *See Steel Warehouse v. Abalone Shipping, Ltd.*, 141 F.3d 234 (5th Cir. 1998); *Amoco Overseas Co., v. S.T. Avenger*, 387 F.Supp. 589 (S.D.N.Y. 1973); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992);

In *Merrill Lynch Commodities Inc., v. Richal Shipping Corp.*,[21] a plaintiff and a third-party defendant brought motions to stay proceedings pending arbitration and motions to dismiss. The district court held that, "[b]ecause the third-party complaint is clearly within the ambit of the arbitration agreement and should be resolved in the arbitration proceeding, the court denies the . . . dismissal motion without prejudice."[22] Accordingly, and only if the Court does not allow the entire case to proceed, the third-party action between Oldendorff and Metall should not be dismissed, but rather stayed pending arbitration in London.

## CONCLUSION

No grounds exist in support of dismissal of Oldendorff's third party action against Metall. The filing by Cargill of its original complaint was within COGSA's one year limitation period. Oldendorff's third party complaint was filed timely within the period dictated in the applicable charter party. Because the third party complaint arises out of the same conduct, transaction or occurrence as Cargill's original complaint, the third party complaint relates back to the filing of Cargill's complaint. Thus, Oldendorff's tender of Metall to Cargill is timely and proper. Pursuant to such tender, Cargill can proceed directly against Metall with no fear of stay since Cargill was not privy to the charter party between Oldendorff and Metall.

Equity and the need for avoidance of duplication and unnecessary expenses dictate that all disputes should be resolved by this Court. Alternatively, and if the Court stays the third party action, Oldendorff respectfully submits that Cargill should be allowed to proceed directly against Metall as the proper party defendant and the sole party responsible for the stevedore's improper stowage and subsequent damage to the cargo.

---

*Marubeni America Corporation v. M/V OHFU*, 1996 A.M.C. 1051 (S.D.N.Y. 1996).
[21] 581 F. Supp. 933 (S.D.N.Y. 1984).

Respectfully submitted,

*[signature]*

Daniel A. Tadros, T.A. #21906
Stephanie C. Tomlinson, #27115
**CHAFFE, McCALL, PHILLIPS
TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Egon Oldendorff (Hong Kong) Ltd.**

## Certificate of Service

I hereby certify that I have on this 9th day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

*[signature]*

---

[22] *Id* at 941.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARGILL FERROUS INTERNATIONAL, A DEPARTMENT OF CARGILL INCORPORATED | * CIVIL ACTION <br> * <br> * NO. 00-0247 <br> * |
| VERSUS | * SECTION "C" <br> * |
| M/V EMMA OLDENDORFF, her engines, tackle, apparel, etc., *in rem*, OLDENDORFF E., COASTAL CARGO CO., and GOLDEN STEVEDORES, *in personam* | * MAGISTRATE (2) <br> * |

## RESPONSE TO STATEMENT
## OF UNCONTESTED MATERIAL FACTS

Third party plaintiff, Egon Oldendorff (Hong Kong) Ltd. ("Oldendorff"), responds to Metall und Rohstoff Shipping RSA (PTY) Limited's ("Metall") list of uncontested material facts as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied for lack of sufficient information to form a belief therein.

6. Admitted.

496182_1

7. Admitted.

Respectfully submitted,

_____
Daniel A. Tadros, T.A. #21906
Stephanie C. Tomlinson, #27115
**CHAFFE, McCALL, PHILLIPS
 TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Egon Oldendorff (Hong Kong)Ltd.**

Certificate of Service

I hereby certify that I have on this  9th  day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

_____

2