FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 14 AM 11: 34

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARGILL FERROUS INTERNATIONAL, A DEPARTMENT OF CARGILL INCORPORATED** | * | **CIVIL ACTION** |
| | * | **NO. 00-0247** |
| **VERSUS** | * | **SECTION "C"** |
| **M/V EMMA OLDENDORFF, HER ENGINES, TACKLE, APPAREL, ETC.,** | * | **MAGISTRATE (2)** |
| ***IN REM*, OLDENDORFF B. COASTAL CARGO CO., AND GOLDEN** | * | **JUDGE BERRIGAN** |
| **STEVEDORES, *IN PERSONAM*** | * | **MAG. WILKINSON** |

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

The arguments advanced by defendant/third-party plaintiff, Egon Oldendorff (Hong Kong) Limited ("Oldendorff"), in opposition to Metal und Rohstoff Shipping RSA (PTY) Ltd.'s ("MUR") motion to dismiss Oldendorff's 14(c) tender and to dismiss or stay Oldendorff's third-party complaint pending arbitration are legally incorrect. Oldendorff's 14(c) tender of MUR to the plaintiff does not "relate back" to the filing of plaintiff's original complaint and is, therefore, time-barred. And because Oldendorff's

third-party claim against MUR is, as Oldendorff admits, subject to a mandatory arbitration clause, this Court <u>must</u> stay (and can dismiss) Oldendorff's third-party claim pending arbitration.

1.  **<u>The 14(c) tender does not relate back to the plaintiff's complaint and is not timely.</u>**

Oldendorff does not dispute the premise that if the plaintiff's claim against MUR would be time barred, its 14(c) tender would also be time barred. Oldendorff argues, however, that the plaintiff's claim against MUR is not time barred, because its 14(c) tender "relates back" to the filing of plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. But that assertion is incorrect.

Oldendorff acknowledges that <u>Marubeni American Corp. v. M/V OHFU</u>, 1996 AMC 1051 (S.D.N.Y. 1996), and <u>Mitsui & Co (USA), Inc. v. M/V CROWN ROSE</u>, 1996 WL 732842 (E.D. La. 1996), fully support MUR's arguments on the time bar issue. The court in <u>M/V OHFU</u> expressly rejected this same relation back argument. Nevertheless, Oldendorff argues that those cases are either incorrect and/or unpersuasive. With regard to the <u>CROWN ROSE</u> case, Oldendorff claims that decision has no authority because the motion in that case was unopposed. While that is true, there is absolutely no suggestion that this Court's ruling would have been different had an opposition been filed. And as to the assertion that <u>M/V OHFU</u> is premised on an incorrect reading of Rule 15, that assertion is plainly erroneous. In fact, the <u>OHFU</u>

decision rejecting the same argument Oldendorff makes here is squarely in line with Fifth Circuit authority on this point.

In a maritime case like this, suit against one defendant does not interrupt the time bar as to other potential defendants. Waguespack v. Aetna Life & Casualty Co., 795 F.2d 523, 527 (5th Cir. 1986). Consequently, the plaintiff's claim against MUR is timely only if it "relates back" to the filing of plaintiff's original complaint under Rule 15(c). But where, as here, the proposed amendment seeks to add a new party, the amendment relates back only if that new defendant had both notice of the action and notice that, but for a misidentification, the suit was directed at that person. Jacobsen v. Osborn, 133 F.3d 315, 319-20 (5th Cir. 1988).

MUR had no notice of this suit, but even if it had received notice, its addition at this late date is not to correct a misidentification. Oldendorff is not seeking to correct the name of a party who has been sued; it is seeking to add an entirely new defendant who was not timely sued. Consequently, under Jacobsen, the 14(c) tender does not relate back under Rule 15(c) and is not timely. This was the precise holding of Marubeni v. M/V OHFU, supra, and that holding is clearly consistent with the Fifth Circuit decision in Jacobsen.

In short, Oldendorff's Rule 14(c) tender does not "relate back" to the filing of the plaintiff's original complaint and is, therefore, time barred.

2. **Oldendorff's third-party complaint must be stayed or dismissed.**

Oldendorff does not dispute that its claim against MUR for contribution or indemnity is governed by the mandatory arbitration clause in the charter party. Oldendorff merely suggests that the arbitration clause should not be enforced, because it will lead to "piecemeal" litigation. But that argument is also incorrect.

The requirement that litigation of claims subject to an arbitration agreement be stayed is mandatory. 9 U.S.C. §3. Complaint of Hornbeck Offshore (1984) Corp., 981 F.2d 752, 754 (5th Cir. 1993); Sedco v. Petroleos Mexicanos Mexican National Oil Co., (PEMEX), 767 F.2d 1140, 1146 (5th Cir. 1985). The United States Supreme Court has specifically held that the prospect of "piecemeal" resolution of disputes does not in any way dilute the mandate that courts enforce parties' agreements to arbitrate. Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 20, 103 S.Ct. 927, 939 (1982) ("federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement")(emphasis in original). Thus, contrary to Oldendorff's suggestion, this Court cannot simply ignore the arbitration clause in the charter party.

Oldendorff's contention that a stay should be denied on the basis that its indemnity claim against MUR is not yet ripe is equally meritless. Oldendorff considered its claim against MUR ripe enough to assert in the third-party complaint, and having asserted the claim, Oldendorff must now abide by the legal mandate that its third-party

complaint be stayed or dismissed pending arbitration.

In short, Oldendorff cannot escape the arbitration provision in the charter party. Oldendorff's claim against MUR must be resolved through London arbitration, and its third-party claim against MUR here must be stayed or dismissed.

## CONCLUSION

The law fully supports MUR's motion. Oldendorff's Rule 14(c) tender does not "relate back" to the plaintiff's original complaint and is, therefore, time barred. That leaves only Oldendorff's third-party indemnity claim against MUR, which must be stayed or dismissed pending arbitration as a matter of established law. Accordingly, MUR is entitled to summary judgment dismissing Oldendorff's 14(c) tender and staying or dismissing Oldendorff's third-party complaint pending arbitration.

Respectfully submitted,

MURPHY ROGERS & SLOSS

_____
Peter B. Sloss #17142
Suite 400, One Shell Square
701 Poydras Street
New Orleans, Louisiana  70139
Telephone:  (504) 523-0400
Attorneys for third-party defendant, Metall und Rohstoff Shipping RSA (PTY) Limited

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 12th day of February 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

_____