FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 14 AM 11: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARGILL FERROUS INTERNATIONAL, A DEPARTMENT OF CARGILL INCORPORATED | * CIVIL ACTION * * NO. 00-0247 * |
| VERSUS | * SECTION "C" * |
| M/V EMMA OLDENDORFF, her engines, tackle, apparel, etc., *in rem*, OLDENDORFF E., COASTAL CARGO CO., and GOLDEN STEVEDORES, *in personam* | * MAGISTRATE (2) * |

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Third party defendant, Metall Und Rohstoff Shipping RSA (Pty) Ltd. ("Metall"), filed a Reply Memorandum raising further irrelevant arguments in support of their motion for summary judgment. However, Metall, once again, conveniently omits to address the very significant and dispositive argument that the *M/V OHFU*[1] case based its conclusion on a case evaluating Rule 15(c) prior to its 1991 Amendment. In *OHFU*, the original cargo claimant filed its action against one of the carriers within COGSA's one-year limitation. Thus, no Rule 12 defense existed for the third party defendant to raise. The sole issue the District Court for the Southern District of New York had to decide was whether the filing of the third-party tender related back to the

---

[1] *Marubeni v. M/V OHFU*, 1996 A.M.C. 1051 (S.D.N.Y. 1996).

496783_1

timely filing of the plaintiff's complaint.[2] The *OHFU* court based its decision that the impleader did not relate back entirely on the outdated case of *Monarch Indus. Corp. v. American Motorists Ins. Co.*[3], which analyzed Rule 15(c) as it existed prior to the 1991 Amendment. Thus, the *OHFU* ultimate result is plainly incorrect. As discussed in detail in Oldendorff's Memorandum in Opposition, pursuant to a present day reading of Rule 15(c) (which Rule, Metall itself has tried to make applicable to a Rule 14(c) tender) Oldendorff's third-party claim is deemed to relate back to the filing of Cargill's timely suit because it does, in fact, arise out of the same transaction or occurrence that led to the filing of Cargill's cargo claim.

In addition, not only was the third party defendant's motion for summary judgment in the *Mitsui & Co. USA, Inc. v. M/V Crown Rose*[4] case unopposed, the facts on which the Honorable Judge Clement relied to issue her ruling are entirely distinguishable from the case at bar. In all likelihood, even if the motion for summary judgment had been opposed, Judge Clement would have probably ruled the same way because of a glaring difference in the facts of that case from the present case. Specifically, in *Mitsui*, the cargo in question was discharged on or about **March 24, 1993** (thus, COGSA's one-year time bar expired on **March 24, 1994**). Suit was not filed by Mitsui until **December 9, 1994**, nearly six months after the COGSA one-year time bar had lapsed. A literal reading of Rule 14(c) supports that the third party defendant in *Mitsui* could have and in fact did avail itself of a Rule 12 defense, i.e. a statute of limitations defense. Accordingly, Judge Clement's finding, even though unopposed, was correct that COGSA's time bar applied and because the cargo plaintiff's suit was time barred it resulted in dismissal of the 14(c) tender. The *Mitsui* holding is of no consequence to resolution of the instant matter. In the

---

[2] *See OHFU*, 1996 A.M.C. at 1055 ("...any claims by Marubeni against Eastwind must be dismissed unless the impleader of Eastwind relates back to the date the original complaint was filed.").
[3] 276 F.Supp. 972, 981, !967 A.M.C. 2488, 2498 (S.D. N.Y. 1967).
[4] 1996 WL 732842 (E.D. La. 1996).

present case, Cargill's suit was timely and thus, Metall would have <u>no</u> defense under Rule 12 to argue that the statute of limitations has run.

For these reasons and those outlined in Oldendorff's Memorandum in Opposition, Oldendorff respectfully requests this Honorable Court deny Metall's Motion for Summary Judgment and allow the entire case to proceed before this Court.

Respectfully submitted,

_____
Daniel A. Tadros, T.A. #21906
Alexandra M. Lamothe, #25749
**CHAFFE, McCALL, PHILLIPS
 TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Egon Oldendorff (Hong Kong) Ltd.**

## Certificate of Service

I hereby certify that I have on this 13th day of February, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

_____