

```
           FILED
     U.S. DISTRICT COURT
   EASTERN DISTRICT OF LA

    2001 FEB 20  AM 11:45

     LORETTA G. WHYTE
           CLERK
```

**MINUTE ENTRY**
**BERRIGAN, J.**
**February 20, 2001**

| | |
|---|---|
| CARGILL FERROUS INTERNATIONAL,<br>A DEPARTMENT OF CARGILL INCORPORATED | CIVIL ACTION |
| versus | NO. 00-0247 |
| M/V EMMA OLDENDORFF, her engines, tackle, apparel, etc., *in rem*, OLDENDORFF E., COASTAL CARGO CO., and GOLDEN STEVEDORES, *in personam*. | SECTION "C" (2) |

    Before the Court is the motion of Metall and Rohstoff Shipping RSA (PTY) Limited's ("Metall") Motion for Summary Judgment to Dismiss Rule 14(c) Tender and to Stay or Dismiss Third-Party Complaint Pending Arbitration. For the following reasons, IT IS ORDERED that Metall's Motion is GRANTED.

    Egon Oldendorff (Hong Kong) Ltd. ("Oldendorff") filed a third-party complaint against Metall on December 19, 2000, and tendered Metall to the Plaintiff in this matter, Cargill Ferrous

1



DATE OF ENTRY
FEB 2 1 2001

___Fee_____
___Process___
_X_/Dktd_____
_✓_CtRmDep___
   Doc.No. 37

International ("Cargill"), pursuant to Rule 14(c).[1] See Fed. R. Civ. P. 14(c). Cargill filed their complaint on January 26, 2000, which fell within the one year statute of limitations period provided for by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1303(6). Metall claims that Oldendorff's tender is time-barred because it was not also filed within one year of the discharge of the cargo (January 27, 1999). Oldendorff insists that its tender "relates back" to the date that Cargill filed their complaint and is thereby timely.

In order to rule on whether a Rule 14 tender is proper in this case, the Court must determine whether the plaintiff may properly proceed against Metall in light of its failure to name Metall as a defendant within the one-year statute of limitations period. Federal Rule 15(c)(3) specifically

---

[1] Federal Rule of Civil Procedure 14(c) provides:

> Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

addresses an attempt to add a new defendant into litigation through the amendment of a complaint.

Rule 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
>   (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
>   (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Oldendorff insists that under section (2), his tender is timely because the claim asserted relates to the same conduct, transaction or occurrence, and argues that a filing that complies with <u>any one</u> of the three provisions of Rule 15(c) is timely. However, such an argument would render section (3) mere surplusage. Rule 15(c)(3) allows for a plaintiff to substitute or add an additional defendant where, through an excusable mistake, the plaintiff failed to do so within the period provided for in the statute of limitations. However, Section (3) also reflects concern that parties not be taken by surprise after the statute of limitations period has run. This section "makes clear that Rule 15(c) does not exist merely to keep the door open for any tardy plaintiff of whom a defendant may be aware.

Rather Rule 15(c) stands as a device of adding a party who 'but for a mistake concerning the identity of the prior party' would have been named originally." In re Integrated Resources Real Estate Ltd. P'ship Secs. Litig., 815 F. Supp. 620, 644 (S.D.N.Y. 1993). For this reason, a critical part of the analysis under Rule 15(c)(3) is whether the party sought to be added had notice that the failure of the plaintiff to pursue a claim against it was a product of a mistake rather than simply a strategic choice. See Great Northeastern Lumber & Millwork Corp. v. Pepsi-Cola Metro. Bottling Co., Inc., 785 F. Supp. 514, 516 (E.D. Pa. 1992 (noting that proposed defendant "could very well have believe that it was not named for tactical reasons") (internal quotations omitted); Curry v. Johns-Manville Corp., 93 F.R.D. 623, 626 - 27 (E.D. Pa. 1982) (accord). Therefore, even if a potential defendant had notice of the lawsuit, the plaintiff must be able to demonstrate mistake as well in order for a plaintiff to take advantage of Rule 15(c)(3), which forgives a failure to comply with the statute of limitations. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).

Courts have been clear that Rule 15(c)(3) is not simply a mechanism whereby parties can avoid the statute of limitations. See Marubeni Am. Corp. v. M/V OHFU, 1996 WL 84485 at *3 (S.D.N.Y.) ("This court has held that a plaintiff cannot use Rules 9(h) and 14(c) to circumvent the statute of limitations: 'If [plaintiff's] first attempt . . . to press its claim . . . by amendment is time-barred because Rule 15(c) would preclude relation back of the amendment to the time of filing suit, then applying the principles of Rule 15(c) to a motion under Rule 9(h), this second attempt to amend the complaint may not be allowed.") (quoting Monarch Indus. Corp. v. American Motorists Ins. Co., 276 F. Supp. 972, 982 (S.D.N.Y. 1967)). No mistake of identity appears to have occurred

here, and Oldendorff does not even contend that this is the case. For this reason, the forgiving nature of Rule 15(c)(3) is not triggered.

Oldendorff attempts to distinguish Monarch and other cases relied upon by Metall by arguing that they were decided prior to the 1991 Amendment to Rule 15(c). However, the 1991 Amendment adding Section (1) to Rule 15(c) does not support Oldendorff's position. The statute of limitations provided for in the relevant statute, COGSA, is one year. The new defendant, Metall, was not added as a defendant within the one-year period; therefore, the addition of Section (1) is irrelevant to the question at hand. With regard to changes made in Section (3), the Fifth Circuit has stated that

> [t]he only significant difference between the [pre-amendment] rule and the amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint or longer if good cause is shown . . . . [T]he amended Rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification.

Jacobsen, 133 F.3d at 319 - 20 (internal citations omitted). Therefore, even assuming that there had been some mistake in Cargill's failure to name Metall along with Oldendorff in the complaint, Oldendorff has not shown that Metall had notice of this mistake within 120 days of Cargill's filing of the complaint, as to justify waiving the statute of limitations. As previously noted, the Advisory Committee notes specifically emphasize that the amendment to Rule 15(c)(3) was designed to deal with the problem of the misnamed defendant, which is not the case here. Therefore, Oldendorff's arguments regarding the significance of the 1991 Amendments are to no avail. Unfortunately for Oldendorff, Cargill's decision to file on the last day of the limitations period effectively prevented

Oldendorff from tendering Metall to Oldendorff as a substitute defendant. However, COGSA's statute of limitations period does not apply to claims for indemnity or contribution, so Oldendorff is still able to protect its rights in federal court through a claim of that nature, barring any other jurisdictional obstacle.

Metall has also asked this Court to dismiss Oldendorff's third-party complaint for indemnity and/or contribution, or in the alternative to stay any proceedings against it in district court so that arbitration may proceed in London. The charter party between Oldendorff and Metall clearly provides that any dispute between the parties shall be referred to a three-person arbitration panel in London. See Metall's Supporting Memorandum Exh. A. Even though it would probably be more efficient to have all claims proceed in federal court at the same time, the Court is nevertheless sensitive to the strong preference in favor of arbitration. See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1982) (noting "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary"); Sedco v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex), 767 F.2d 1140, 1145 - 48 (5th Cir. 1985). Therefore, IT IS ORDERED THAT Oldendorff's third-party complaint is hereby DISMISSED WITHOUT PREJUDICE.

